# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| TRACY PINKNEY, ) | Civil Action No. 7:11-cv-00502 | |
|     Petitioner, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| WARDEN ZYCH, <u>et al.</u>, ) | By: Hon. Michael F. Urbanski | |
|     Respondents. ) | United States District Judge | |

    Tracy Pinkney, a federal inmate proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner names as respondents Warden Zych of the United States Penitentiary in Lee County, Virginia ("USP Lee"), the United States Department of Justice, and the Federal Bureau of Prisons ("BOP"). Petitioner claims respondents violated due process by keeping him in administrative segregation. This matter is before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's submissions, I dismiss the petition without prejudice for failing to state a claim upon which relief may be granted.

## I.

## A.

    Petitioner alleges the following facts in his initial, self-styled § 2241 petition. On August 19, 2011, USP Lee staff called petitioner to the mailroom to receive legal mail. Petitioner signed for its receipt, and mailroom staff opened the package and found tobacco and marijuana hidden inside it. Staff charged petitioner with an institutional infraction and immediately transferred him to a segregation cell.

    Staff investigated petitioner's phone logs and listened to an August 5, 2011, call purportedly between petitioner and an attorney. Petitioner asked the attorney, "Have you got the envelope?" and the attorney replied, "Yes." Petitioner responded, "Read the envelope. You can

decipher what is going on. Don't talk reckless in your letters." Petitioner also made a phone call to a friend on August 16, 2011. Petitioner said, "I sent my sister a letter and told her what to do." The friend replied, "I sent you a picture," and petitioner responded, "it's a no go." Petitioner argues that staff spliced different phone recordings to misrepresent his conversations as discussing the contraband.

Staff did not bring petitioner to a hearing before a Disciplinary Hearing Officer ("DHO") by October 2011, although he was charged and in segregation since August 2011. Staff told petitioner that the DHO hearing was delayed because of schedule conflicts between petitioner's witnesses and the DHO. Petitioner argues that this delay constitutes a violation of due process guaranteed by the Fifth Amendment of the United States Constitution. Petitioner further argues that his staff representative will not meet with him and will not investigate the fraudulent phone recordings, in violation of BOP policies. Petitioner requests as relief that the incident report be dismissed and he be released from incarceration or transferred to another correctional facility.

B.

Petitioner filed a verified habeas petition in response to the court's conditional filing order issued after the initial, self-styled petition. Petitioner alleges the following, additional facts in his verified habeas petition.

Petitioner finally had his DHO hearing on November 1, 2011, which was more than seventy days after the tobacco and marijuana arrived. The DHO found petitioner guilty and penalized him with sixty days' segregation. Petitioner did not receive credit for the seventy-three days he already spent in segregation.

Staff threatened and insulted petitioner while he was in segregation and allegedly spit in his food. Staff did not take petitioner to recreation on October 25, 2011; did not process all of

his grievances; and transferred him to another segregation cell with another inmate while a white inmate got petitioner's previous segregation cell.

On November 8, 2011, a prosecutor sent petitioner a motion asking the District of Columbia ("D.C.") Court of Appeals to dismiss petitioner's litigation because he did not file a certificate of appealability. Petitioner alleges that he mailed a certificate of appealability and a notice of appeal to the D.C. Court of Appeals. Petitioner concludes that staff must have intercepted his legal mail to the D.C. Court of Appeals, removed the certificate of appealability, and mailed the notice of appeal. Petitioner further complains that staff do not timely stamp and process his mail.

II.

A petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States" to be entitled to relief via § 2241. 28 U.S.C. § 2241(c)(3). A petitioner must demonstrate that he was deprived of "life, liberty, or property by governmental action" to establish a due process claim. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although petitioner complains about the delay and outcome of his disciplinary hearing, none of the proceedings resulted in a deprivation of a property or liberty interest.

An inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). Governments may create liberty interests protected by due process where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." Id. at 484. To show the deprivation of a liberty interest regarding custody classifications, a petitioner must show either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to due process protections or that the confinement creates an atypical or

significant hardship and that a government has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Based upon the alleged facts, petitioner's classification and transfer to segregation does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati, 120 F.3d at 503 (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does an increase in security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due process right"). Even though petitioner alleges that staff violated BOP procedures, a claim that prison officials have not followed their own policies or procedures also does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if a law or regulation grants more procedural rights than the Constitution requires, a government's failure to abide by that law is not a federal due process issue). Petitioner also fails to describe any resulting prejudice from a prison official's failure to follow a policy or procedure. See Von Kahl v. Brennan, 855 F. Supp. 1413, 1422 (M.D. Pa. 1994) (describing how an inmate must

show actual prejudice if staff violate a BOP regulation). Accordingly, petitioner fails to state a claim upon which § 2241 relief may be granted.[1]

III.

For the foregoing reasons, petitioner's § 2241 petition for a writ of habeas corpus is dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

Entered: January 19, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] Petitioner discusses other various complaints about how USP Lee staff treat him and do not comply with BOP procedures. None of these claims present a right to relief via § 2241. An inmate's sole remedy for a speedier release from custody is a properly filed habeas petition. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997) (stating that § 1983 damages claim arguing that due process rights violations resulted in loss of good-time credits should be brought as habeas corpus petition); Heck v. Humphrey, 512 U.S. 477, 486-88 (1994) (stating that a § 1983 claim that would necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Claims concerning conditions of confinement that do not impact the overall term of incarceration are properly raised in civil rights actions pursuant to either 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Accordingly, petitioner may not seek relief from the conditions of his confinement via § 2241 when the claims do not impact the duration of imprisonment.

The court declines to construe these conditions of confinement claims as Bivens claims because none of them presently state a claim upon which Bivens relief may be granted. When prison staff make comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim). Petitioner does not describe any cruel and unusual punishment. See Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991) (discussing the deprivation of a basic human need). Petitioner does not describe any denied access to courts. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (discussing how an inmate must be prejudiced about interference with legal mail).